IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH SAMET, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2541 |
| | § | |
| LORIE DAVIS, ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against Texas Department of Criminal Justice ("TDCJ") officers Lorie Davis, Khari Mott, Wayne Brewster, and Jeania Pegoda and UTMB employee Jill Coleman, M.D., for the alleged violations of his federal constitutional and statutory rights. He seeks declaratory and injunctive relief with monetary compensation and punitive damages.

Having considered plaintiff's section 1983 complaint (Docket Entry No. 1), supplemental complaint (Docket Entry No. 13), memorandum of law (Docket Entry No. 9), and the applicable law, the Court DENIES preliminary injunctive relief and ORDERS a partial dismissal of plaintiff's claims as follows below.

### *Background and Claims*

Plaintiff claims that in October 2017, defendant Jill Coleman, a UTMB physician working for TDCJ, informed him that she could not renew medication for his "thyroid condition" without an updated blood draw and lab report. (Docket Entry No. 9, p. 5.)

Plaintiff states that a blood sample was drawn and a lab report was sent to Coleman, but she failed to initiate treatment for his condition. Copies of select medical records submitted by plaintiff show that Coleman reviewed the lab results on November 15, 2017, ordered the tests rechecked, and scheduled his chart for review in two weeks. *Id.*, pp. 21. Plaintiff's grievances suggest he failed to keep a scheduled follow-up appointment, but plaintiff states that Coleman failed to provide treatment even after his blood was redrawn at a later appointment.

According to plaintiff, Coleman should have started treating him for hypothyroidism after she reviewed the first lab test results. In his layperson's opinion, the lab report "clearly showed a need to be treated." (Docket Entry No. 9, p. 8.) He complains that Coleman has yet to provide the necessary treatment, and that she was deliberately indifferent to his serious medical needs because untreated hypothyroidism can be a life-threatening condition. He also claims that Coleman denied him rights to which he was entitled under the Americans with Disabilities Act ("ADA") because hypothyroidism is a disability.

Plaintiff further claims that defendant practice manager Khari Mott denied his administrative grievances, and that defendant library supervisor Jeania Pegoda denied him entitlements under the ADA by removing his medical storage box.

Plaintiff seeks declaratory relief with $75,000.00 in monetary compensation, and a preliminary and permanent injunction for thyroid treatment and a medical storage box.

*Analysis*

*Eleventh Amendment Immunity*

The defendants in this case are sued for actions taken during the course of their employment with TDCJ and/or UTMB, which are state agencies. Thus, to the extent plaintiff seeks monetary damages from the defendants in their official capacity, the claims are barred by Eleventh Amendment immunity and are DISMISSED WITH PREJUDICE. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

*Lorie Davis*

Plaintiff complains that defendant Lorie Davis "is responsible for the actions of all of TDCJ operations," and is thus liable for the alleged deliberate indifference of defendant Coleman. (Docket Entry No. 1, pp. 3, 4.)

The fact that Davis is the director of TDCJ does not create liability under section 1983. Prison officials are not liable under section 1983 for the acts of their employees premised on a theory of *respondeat superior* or vicarious liability. *See Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (holding that the acts of subordinates do not trigger liability under section 1983 for supervisory officials in their individual capacity). Davis as a supervisory official may be held liable under section 1983 only if she affirmatively participated in the acts that caused the constitutional deprivation, or if she implemented unconstitutional policies that causally resulted in the constitutional injury. *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). Plaintiff

3

has not alleged that Davis affirmatively participated in any deliberate indifference or that she implemented an unconstitutional policy that resulted in the deliberate indifference.

No factual allegations for holding Davis liable in this lawsuit in her individual or official capacity have been pleaded, and no viable claim is raised against her. Plaintiff's claims against Lorie Davis are DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim under section 1983.

*Wayne Brewster*

Plaintiff alleges that Wayne Brewster "is responsible for the actions on Estelle Unit," and is thus liable for the deliberate indifference of Coleman. (Docket Entry No. 1, pp. 3, 4.)

The fact that Brewster is the warden of the Estelle Unit does not create liability under section 1983. As stated above, prison officials are not liable under section 1983 for the acts of their employees under a theory of *respondeat superior* or vicarious liability. *See Carnaby*, 636 F.3d at 189. Brewster as a supervisory official may be held liable under section 1983 only if he affirmatively participated in the acts that caused the constitutional deprivation, or if he implemented unconstitutional policies that causally resulted in the constitutional injury. *Gates*, 537 F.3d at 435. Plaintiff has not alleged that Brewster affirmatively participated in any deliberate indifference or that he implemented an unconstitutional policy that resulted in the deliberate indifference.

No factual allegations for holding Brewster liable in this lawsuit in his individual or official capacity have been pleaded, and no viable claim is raised against him.

Plaintiff's claims against Wayne Brewster are DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim under section 1983.

*Khari Mott*

Plaintiff claims that defendant Khari Mott violated his constitutional rights by denying his grievances regarding his medical care and removal of the medical storage box. (Docket Entry No. 13, p. 5.)

Mott's denial of plaintiff's administrative grievances did not give rise to a violation of plaintiff's constitutional rights. Prisoners enjoy no federally protected liberty interest in having their administrative grievances investigated, processed, or resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. Jan. 19, 2018) (holding that a section 1983 due process claim for failure to investigate grievances is indisputably meritless). That plaintiff was dissatisfied with the results of his prison grievances does not give rise to a viable section 1983 claim for relief.

Plaintiff further claims that, because Mott is responsible for the operations and actions of the Estelle Unit medical department, she is liable for Coleman's deliberate indifference to his serious medical needs. Again, claims of *respondent superior* and/or vicarious liability are not cognizable under section 1983. *Carnaby*, 636 F.3d at 189. No factual allegations for holding Mott liable in this lawsuit in her individual or official capacity have been pleaded, and no viable claim is raised against her.

Plaintiff's claims against Khari Mott are DISMISSED WITHOUT PREJUDICE for failure to raise a viable claim under section 1983.

*Jill Coleman, M.D., and Jeania Pegoda*

Plaintiff's claims against defendants Coleman and Pegoda will be retained for further screening.

### *Preliminary Injunctive Relief*

Plaintiff requests preliminary injunctive relief ordering Coleman to provide immediate treatment for his alleged thyroid condition, and for Pegoda to return his medical storage box.

Plaintiff is entitled to the extraordinary remedy of a preliminary injunction only if he establishes (1) a substantial likelihood that he will succeed on the merits, (2) a substantial threat that he will be irreparably injured if the injunction does not issue, (3) that the threatened injury outweighs any harm resulting from the grant of the injunction, and (4) that the injunction will not disserve the public interest. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). He carries a heavy burden of persuading this Court that all four elements are satisfied, and his failure to carry the burden on any one of the elements will result in a denial of injunctive relief. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Plaintiff does not meet his burden of proof. In particular, he does not establish that there is a substantial threat of irreparable injury if he does not immediately begin treatment for his "thyroid condition" or have his storage box returned. Although plaintiff has

submitted an article which generally states that untreated hypothyroidism can be life-threatening, he has not shown that his own current medical situation falls within this category. His opinion as a layperson that he needs "immediate life-saving medical treatment" is insufficient to meet his burden of proof. Plaintiff further presents no factual allegations establishing a substantial threat of irreparable injury as to the lack of a medical storage box.

No substantial threat of immediate irreparable injury is shown as to either his medical situation or the lack of a medical storage box. Plaintiff's request for preliminary injunctive relief is DENIED at this time.

## *Conclusion*

The Court ORDERS as follows:

1. Plaintiff's claims for monetary damages against the defendants in their official capacity are DISMISSED WITH PREJUDICE.

2. Plaintiff's claims against Lorie Davis are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's claims against Wayne Brewster are DISMISSED WITHOUT PREJUDICE.

4. Plaintiff's claims against Khari Mott are DISMISSED WITHOUT PREJUDICE.

5. Plaintiff's motion for a preliminary injunction is DENIED.

6. Plaintiff's claims against Jill Coleman, M.D., and Jeania Pegoda will be retained by the Court for further screening.

This is an INTERLOCUTORY ORDER.

Signed at Houston, Texas on May 28, 2019.

_____
Gray H. Miller
Senior United States District Judge